UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER JACOB,

                Plaintiff,

v.                                              Case No. 24-C-1118

DR. HOWARD MARTIN et al.,

                Defendants.

---

## DECISION AND ORDER

---

Plaintiff Christopher Jacob is incarcerated at Racine Correctional Institution and representing himself in this 42 U.S.C. §1983 action. On November 22, 2024, Jacob filed a complaint and an amended motion for a preliminary injunction. A couple of months later, on January 22, 2025, the Court screened the complaint and allowed Jacob to proceed on various claims in connection with his allegations that Defendants failed to adequately address his complaints of ankle/foot pain and persistent migraines. Dkt. No. 9. Pursuant to an informal service agreement between the Court and the Wisconsin Department of Justice (DOJ), the Court ordered the complaint to be electronically sent to the DOJ for service on Defendants Dr. Howard Martin, Stephen McCullen, Travis Brady, Robert Miller, and the Wisconsin Department of Corrections. The Court also ordered Defendants to respond to Jacob's amended motion for preliminary injunction by February 21, 2025. Shortly thereafter, the DOJ notified the Court that it would not accept service on behalf of Dr. Martin because he is not a Wisconsin state employee. The DOJ provided the name and address of a staffing agency that Dr. Martin is associated with and accepted service on behalf of the other Defendants (the State Defendants). Dkt. Nos. 11, 14.

On February 11, 2025, the Court transmitted the complaint and other documents to the U.S. Marshals Service for service of Jacob's complaint on Dr. Martin. Just three days later, on February 14, 2025, a process receipt and return was filed indicating that a marshal had "personally served" Dr. Martin on February 11, 2025, by giving a copy of the complaint to someone named Mark Nichol at Sumo Medical Staffing in Draper, Utah. Dkt. No. 15. On February 21, 2025, the State Defendants responded to Jacob's motion for preliminary injunction, and Jacob replied in support of his motion on March 11, 2025. About a week later, Jacob filed a motion for default judgment "pertaining to all items listed in the Preliminary Injunction due to the fact that Dr. Martin did not reply to the Amended Motion for Preliminary Injunction . . . ." Dkt. No. 24.

To begin, the Court clarifies that Jacob's "motion for default judgment" is more properly characterized as a reply brief in support of his motion for preliminary injunction. Essentially, Jacob argues that his motion should be granted as unopposed because Dr. Martin did not respond as ordered. Jacob is not entitled to the relief he seeks, at least not at this point, for a couple of reasons. First, when the Court ordered Defendants to respond to Jacob's motion within thirty days, it did so with the understanding that Dr. Martin would be served with Jacob's complaint pursuant to the informal service agreement between the Court and the DOJ. As noted, subsequent to the Court's screening order, the DOJ informed the Court that it would not accept service on behalf of Dr. Martin because he is not a Wisconsin state employee. The Court then transmitted the complaint to the marshals for service. A proof of service was filed indicating that a marshal "personally served" Dr. Martin, but the Court is not convinced service was effectuated simply because a marshal left the complaint with someone who works at a staffing agency in a state that is more than a day's drive away. If Dr. Martin has not yet been served with the complaint, he is not yet required to respond to Jacob's motion for preliminary injunction.

Further, even if Dr. Martin has been properly served, the mere fact that he did not respond to Jacob's motion does not mean that Jacob is entitled to the relief he requests in his motion. To prevail on his motion, Jacob must show "(1) that he will suffer irreparable harm absent [the relief he requests] during the pendency of his action; (2) inadequate remedies at law exist; and (3) he has a reasonable likelihood of success on the merits." *Democratic Nat'l Comm. v. Bostelmann*, 447 F. Supp. 3d 757, 765 (W.D. Wis. March 20, 2020) (citations omitted). Further, the scope of any injunctive relief granted must comply with the requirements of the Prison Litigation Reform Act, which states that, before granting prospective relief, a court must find that the relief is (1) narrowly drawn; (2) extends no further than necessary to correct the violation of the federal right; and (3) is the least intrusive means necessary to correct the violation of the federal right. 18 U.S.C. §3626(a)(2). Courts must also give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id.*

The Court does not have the information it needs to rule on Jacob's motion for preliminary injunction. The mere fact that no one responded to the merits of his motion does not mean that Jacob has carried his burden. The State Defendants defend against the motion by arguing that they lack the authority to order the relief Jacob seeks, *i.e.*, medical shoes, a wheelchair for long distances, and a walker or cane for short distances. *See* Dkt. No. 16. This may be true for the nurses who Jacob has sued, but the Court doubts that the warden and health services manager lack the *authority* to order these accommodations. Perhaps more accurately, these supervisory employees lack the medical knowledge and experience with Jacob to opine on whether Jacob actually needs the accommodations he requests. This information likely resides with Dr. Martin or whoever Jacob's current primary care provider is. Defendants provide no insight on this issue in their response.

3

Case 1:24-cv-01118-WCG    Filed 03/21/25    Page 3 of 4    Document 26

Consistent with the Seventh Circuit's directions in *Donald v. Cook County Sheriff's Department*, 95 F.3d 548 (7th Cir. 1996), and to assist the Court with effectuating service of the complaint on Dr. Martin so as to avoid further delay in resolving Jacob's motion for preliminary injunction, the Court will require the State Defendants to answer the following questions within **fourteen days**. Understanding that the information requested could pose a security risk, the Court will require **the State Defendants to file their response under seal**.

- Who is Jacob's current primary care provider? If it is Dr. Martin, what days and times is he scheduled to work at Racine Correctional Institution?

- If Dr. Martin is not Jacob's primary care provider, does Dr. Martin still provide care to inmates in the custody of the Wisconsin Department of Corrections? If so, at what institutions and on what schedule?

- If Dr. Martin is not Jacob's primary care provider and does not provide care to Wisconsin inmates, does the Department of Corrections have any additional information that may assist the U.S. Marshals Service in locating Dr. Martin?

- If Dr. Martin is not Jacob's primary care provider, what is the name of Jacob's current primary care provider or the name of the provider who can opine on whether the accommodations Jacob requests are medically necessary?

**IT IS THEREFORE ORDERED** that Jacob's motion for default judgment (Dkt. No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that, by **April 2, 2025**, the State Defendants file **under seal** responses to the questions posed in this order.

Dated at Green Bay, Wisconsin this 21st day of March, 2025.

William C. Griesbach
United States District Judge