UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER JACOB,

                    Plaintiff,

v.                                                           Case No. 24-C-1118

DR. HOWARD MARTIN et al.,

                    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Christopher Jacob is incarcerated at Racine Correctional Institution and representing himself in this 42 U.S.C. §1983 action. He is proceeding on various claims in connection with his allegations that Defendants failed to adequately address his complaints of ankle/foot pain and persistent migraines. Dkt. No. 9. On November 22, 2024, Jacob filed an amended motion for a preliminary injunction. The motion was fully briefed on April 22, 2025, and on May 19, 2025, the Court held an evidentiary hearing. For the reasons explained below, the Court will deny Jacob's motion for preliminary injunctive relief.

To prevail on his motion, Jacob is required to show "(1) that he will suffer irreparable harm absent [the relief he requests] during the pendency of his action; (2) inadequate remedies at law do not exist; and (3) he has a reasonable likelihood of success on the merits." *Democratic Nat'l Comm. v. Bostelmann*, 447 F. Supp. 3d 757, 765 (W.D. Wis. Mar. 20, 2020) (citations omitted). Further, the scope of any injunctive relief granted must comply with the requirements of the Prison Litigation Reform Act, which states that, before granting prospective relief, a court must find that the relief is (1) narrowly drawn; (2) extends no further than necessary to correct the violation of the federal right; and (3) is the least intrusive means necessary to correct the violation of the federal

right. 18 U.S.C. §3626(a)(2). Courts must also give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id.*

At the evidentiary hearing, Jacob explained that many years ago, when he was a teenager, he had surgery on his ankle that required the placement of two screws. The surgery left a scar, which, according to Jacob, the stiff, prison-issued shoes painfully rub against. For many years, medical providers accommodated Jacob's complaints about the prison-issued shoes by prescribing medical shoes. Presumably, because the shoes were prescribed by a medical provider, the State of Wisconsin, or, more accurately, the Wisconsin taxpayers paid for them. It is not clear what Jacob's "medical shoes" looked like, but they apparently did not rub against his surgical scar. When Jacob was transferred to Racine Correctional Institution, Defendant Dr. Howard Martin did not believe Jacob's surgical scar needed to be accommodated with special shoes. Dr. Martin therefore cancelled Jacob's prescription for medical shoes and instructed him to wear the standard prison-issued shoes. Jacob still has the prescribed medical shoes in his property; he just is not allowed to wear them.

Almost immediately, Jacob began to experience problems with the prison-issued shoes. According to Jacob, they rubbed painfully against the surgical scar, which eventually tore open and began to bleed. The scar would heal slowly over time but would then tear open again. At the hearing, Jacob stated that the scar is currently healed; he has no open wounds on his ankle. Initially, the open wound was the only injury Jacob suffered following the cancellation of his medical-shoe prescription, but over time, Jacob also allegedly developed internal pain in his ankle, which makes it painful for him to walk. Jacob's motion for preliminary injunctive relief asks the Court to order that he be allowed to wear his medical shoes and that he be allowed to use a cane

2

or walker for short-distances and a wheelchair for long distances. He also asks for diagnostic tests of his ankle, such as an MRI, and that an offsite specialist evaluate his ankle.

Dr. Martin is no longer Jacob's medical provider because he no longer works at the prison. Jacob's current provider is Nurse Practitioner Ginger Randolph, who is not a defendant in this action. Randolph testified at the evidentiary hearing that she last examined Jacob in early April 2025 for complaints of ankle pain that radiates up his leg. She ordered an x-ray, which showed no fractures or abnormalities. She also ordered physical therapy (which, at the time of the hearing, had not yet started), and she instructed Jacob to continue taking Tylenol (which Jacob stated does not address his pain). Randolph also informed Jacob that he could order personal shoes from the catalog. Jacob pointed out that only one pair of shoes in the catalog would be adequate, but he did not explain why he needs more than one adequate option. Randolph agreed with Dr. Martin's assessment that Jacob did not qualify for a medical-shoe prescription, and she opined that his symptoms do not sound like nerve damage. She explained that if physical therapy does not address Jacob's symptoms, then an MRI or a recommendation to an offsite specialist would likely be the next step, but at this point, she believes that physical therapy may address his symptoms.

Jacob has not carried his burden of showing that he is entitled to preliminary injunctive relief because he has not shown that he will suffer irreparable harm if the Court does not order the relief he requests. He also fails to show that he has a reasonable likelihood of success on the merits. Jacob has explained that the medical shoes were originally prescribed to address the impact of the prison-issued shoes on his surgical scar, but that issue appears to have resolved itself as Jacob no longer has open wounds on his ankle. Given that the prison-issued shoes no longer aggravate his surgical scar, Jacob has presented no basis for needing medical shoes. The mere fact that Jacob disagrees with Dr. Martin's and Randolph's opinion that his surgical scar does not need

3

to be accommodated with the prescription of medical shoes is an insufficient basis for the Court to provide him with the relief he seeks. *See Mansoori v. Moats*, 827 F. App'x 595, 597-98 (7th Cir. 2020) (holding that while the plaintiff "would have preferred soft-soled shoes, he was not entitled to his preferred treatment, only to adequate care"). If Jacob finds the prison-issued shoes to be uncomfortable, then, as Randolph has explained, he may purchase shoes of his choosing from the catalog. *See Riley v. Waterman*, 126 F.4th 1287, 1296 (7th Cir. 2025) (holding that it was not deliberate indifference to instruct plaintiff to order suitable shoes from the catalog).

With regard to Jacob's request for specific treatment to address his internal ankle pain (walking aids, diagnostic testing, and referral to a specialist), the Court notes that the Eighth Amendment does not require that prisoners receive "unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Rather, they are entitled to only "adequate medical care." *Boyce v. Moore*, 314 F.3d 884, 888-89 (7th Cir. 2002); *see also Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) ("Under the Eighth Amendment, [the plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her."). Because the x-ray showed no fractures or abnormalities, Rudolph explained that she has ordered physical therapy in the hopes of resolving Jacob's ankle pain. Jacob explained that physical therapy has not worked in the past but given that his current ankle pain is a new symptom, he is only speculating that it will be ineffective to treat the underlying cause of his current pain.

Again, the Court acknowledges that Jacob would prefer further diagnostic testing, walking aids, or a referral to a specialist, but he has provided no evidence suggesting that Rudolph's decision to first pursue conservative measures is "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that [she] actually did not base the

4

decision on such a judgment." *Collignon v. Milwaukee Cty.*, 163 F.3d 982, 989 (7th Cir. 1998). The Court does not have the expertise or experience to second-guess a medical provider's treatment decisions, and Jacob has offered no evidence supporting a conclusion that Rudolph's recent efforts to address his pain are constitutionally inadequate. As the Seventh Circuit has repeatedly acknowledged, "[t]here is not one 'proper' way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). The Court will therefore deny his motion for preliminary injunctive relief.

The Court encourages the parties to work closely with one another to address Jacob's current complaints and to explore whether settlement is possible. Rudolph noted at the evidentiary hearing that she would check if the medical shoes that Jacob has in his property can be reclassified as personal shoes so he can resume wearing them. Jacob suggested that perhaps wearing the shoes, which he wore for many years without issue, would resolve his current ankle pain. This is speculation, but as Jacob suggested, it may be a more cost-effective option than pursuing an MRI or scheduling an appointment with an offsite specialist should physical therapy fail to resolve his pain. Of course, the Court leaves it to Jacob's medical providers to chart the best path forward.

**IT IS THEREFORE ORDERED** that Jacob's amended motion for a preliminary injunction (Dkt. No. 8) is **DENIED** and his motion for an extension of time to file a reply brief in support of his motion (Dkt. No. 33) is **GRANTED**.

Dated at Green Bay, Wisconsin this 4th day of June, 2025.

_William C. Griesbach_
William C. Griesbach
United States District Judge