UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER JACOB,

           Plaintiff,

v.                                                                 Case No. 24-C-1118

DR. HOWARD MARTIN et al.,

           Defendants.

## DECISION AND ORDER

      Plaintiff Christopher Jacob is incarcerated at Racine Correctional Institution and representing himself in this 42 U.S.C. §1983 action. On January 22, 2025, the Court screened the complaint and allowed Jacob to proceed on claims in connection with allegations of persistent migraines and injuries resulting from poorly fitting footwear. Dkt. No. 9. On June 13, 2025, Jacob filed a "Motion for Judicial Notice," and about a week later, he filed a "Motion Requesting Addendum to Original Complaint." Dkt. Nos. 45, 50. For the reasons explained in this decision, the Court will deny both motions.

      As to his first motion, Jacob asks the Court to take judicial notice of two facts: 1) that he had twenty-plus socks that were blood-soaked from the "tear in his ankle"; and 2) that he had a pair of medical shoes that were measured and made to fit his feet. Under Fed. R. Evid. 201, a "court may judicially notice a fact that is not subject to reasonable dispute because it: . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Jacob is the source of the information that he wants the Court to take judicial notice

of. Because Defendants can reasonably question the accuracy of information that Jacob provides to prove his claim, this is not the type of information that is appropriate for judicial notice.

At the same time, the Court notes that the bloody socks may constitute evidence supporting Jacob's claim of deliberate indifference to his serious medical needs. Defendants have an obligation to avoid destruction or spoliation of evidence favorable to a litigant's claim. *See Bracey v. Grondin*, 712 F.3d 1012, 1019–20 (7th Cir. 2013). If, indeed, the socks do constitute evidence to support Jacob's claim, it would appear Defendants have an obligation to preserve or document such evidence, rather than simply destroy it. That issue, however, is not before the Court.

To the extent Jacob is concerned about how he will introduce evidence to support his claim, the Court reminds him that, in response to a motion for summary judgment, he will have the opportunity to describe his injury and the treatment he received for his foot condition in a declaration. He also will have the opportunity to submit medical records and other documents that he believes support his claims. Admitting the actual socks and the actual shoes is unnecessary and would likely face challenges from Defendants. *See Outley v. City of Chicago*, No. 17-C-8633, 2022 WL 4448739, at *2 (N.D. Ill. Sept. 23, 2022) (explaining that Rule 201 "does not operate in a vacuum, meaning that it does not operate as a magic wand that cures inadmissibility under other Evidence Rules"). Accordingly, the Court will deny Jacob's Motion for Judicial Notice.

The Court will also deny the "Motion Requesting Addendum to Original Complaint." According to Jacob, about a month after the Court denied his motion to preserve physical evidence, an officer confiscated the twenty-plus blood-soaked socks that he had been keeping in his cell. Similarly, not long after a telephonic status conference in which Jacob disclosed that he possessed a pair of medical shoes that he was not allowed to wear, the shoes were taken from him. Jacob

believes the removal of the bloody socks and the shoes demonstrates that Defendants are retaliating against him because of this action. Jacob's assumption is not reasonable.

To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Jacob fails to satisfy the second prong of the standard. Contrary to Jacob's conclusions, officers likely removed the ten-plus pairs of blood-soaked socks from his cell because they pose a danger to his and other inmates' health and safety. Further, although the Court does not know the precise property allotments allowed at Jacob's institution, it is unlikely that inmates are allowed to possess ten or more pairs of socks that they have no intention of wearing. The state is on a tight budget and the property available for distribution to inmates is limited. Accordingly, it is entirely appropriate that prison staff would require socks to be laundered and distributed to meet the property needs of inmates.

Similarly, the medical shoes were confiscated because, as Jacob has conceded, he is not allowed to wear them. It is unclear what difference it makes whether the shoes sit unused in Jacob's cell or whether they are confiscated and sit unused in the health services unit. Should Jacob prevail in this action or should a medical provider later determine that Jacob qualifies for medical shoes, Jacob will be provided with appropriate footwear. As mentioned above, if Jacob wants to support his claim by showing that he had been approved for medical shoes, he can offer that evidence in a declaration or by highlighting relevant medical records. Given that it was entirely appropriate for prison staff to confiscate property that Jacob could not properly possess or

3

Case 1:24-cv-01118-WCG   Filed 07/18/25   Page 3 of 4   Document 51

use, the Court cannot reasonably infer that Jacob suffered a deprivation that would likely deter First Amendment activity in the future.

In any event, the Court "generally does not allow prisoners to supplement or amend their complaints to include new claims that they have been retaliated against for filing the underlying lawsuit." *Adams v. Tegels*, No. 18-cv-971-jdp, 2019 WL 5188971, at *2 (W.D. Wis. Oct. 15, 2019). Allowing amendments for these types of claims "risk[s] delaying resolution of the case indefinitely while the parties litigate and conduct discovery on each discrete instance of retaliation that may occur while the lawsuit progresses." *Atkinson v. Mackinnon*, No. 14-cv-736-bbc, 2015 WL 13658057, at *1-2 (W.D. Wis. Oct. 29, 2015). Accordingly, even if Jacob could state a claim for retaliation based on the confiscation of the bloody socks and shoes (which he cannot), he would need to pursue such a claim in a separate lawsuit.

**IT IS THEREFORE ORDERED** that Jacob's motion for judicial notice (Dkt. No. 45) and his motion for leave to file an addendum to the original complaint (Dkt. No. 50) are **DENIED**.

Dated at Green Bay, Wisconsin this 18th day of July, 2025.

_____
William C. Griesbach
United States District Judge